# TENTATIVE RULING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAURICE BIBBS, ) <br> ) <br> Defendant. ) <br> ) | No. CR 07-336 WHA (BZ) <br><br> **ORDER OVERRULING DEFENDANT BIBBS'S OBJECTION TO THE GOVERNMENT PROCEEDING AT THE DETENTION HEARING BY WAY OF PROFFER** |

At his initial appearance on May 31, 2007, the Government moved to detain Mr. Bibbs and a hearing was scheduled for June 7, 2007. Defendant objected to the Government proceeding by way of proffer at the detention hearing, and filed a memorandum supporting his objection. Essentially, defendant argues that under <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), allowing the government to proceed by proffer violates his Sixth Amendment right of confrontation.

Prior to <u>Crawford</u>, the Ninth Circuit and every other circuit of which I am aware, had ruled that "the government may proceed in a detention hearing by proffer or hearsay." <u>U.S. v. Winsor</u>, 785 F.2d 755, 756 (9th Cir. 1986) (citations

1

1 **TENTATIVE RULING**

2 omitted); see also U.S. v. Smith, 79 F.3d 1208, 1210 (D.C.
3 Cir. 1996) (collecting cases).  Crawford rejected the use of
4 hearsay testimony at **trial** as violating a defendant's Sixth
5 Amendment right to confront his accusers.  See 541 U.S. at 50-
6 51 ("[W]e once again reject the view that the Confrontation
7 Clause applies of its own force only to in-court testimony,
8 and that its application to out-of-court statements introduced
9 at *trial* depends upon 'the law of Evidence for the time
10 being.'") (emphasis added); id. at 53-54 ("[T]he Framers would
11 not have allowed admission of testimonial statements of a
12 witness who did not appear at *trial* unless he was unavailable
13 to testify, and the defendant had had a prior opportunity for
14 cross-examination.") (emphasis added); id. at 59.   The Ninth
15 Circuit recently described Crawford as "speaking to trial
16 testimony."  U.S. v. Littlesun, 444 F.3d 1196, 1199 (9th Cir.
17 2006).[1]

18      Nothing in Crawford requires or even suggests that it be
19 applied to a detention hearing under the Bail Reform Act,
20 which has never been considered to be part of the trial.
21 Shortly after the Bail Reform Act was passed, the Supreme
22 Court held that a detention hearing is not a "criminal
23 prosecution" to which the Sixth Amendment applies.  See U.S.
24 v. Salerno, 481 U.S. 739, 746-52 (1987) (emphasizing the
25 regulatory purpose of pre-trial detention); see also U.S. v.

---

27      [1]   While Littlesun dealt with sentencing hearings, not
detention hearings, the court's description of the holding of
28 Crawford applies with equal force.

2

# **TENTATIVE RULING**

Ebro, 948 F.2d 1118, 1121-22 (9th Cir. 1991) ("[T]he bail statute neither requires nor permits a pretrial determination of guilt."); Windsor, 785 F.2d at 756-57 (9th Cir. 1986) (defendant has no right to cross-examine adverse witnesses not called to testify in detention hearing); cf. U.S. v. Hall, 419 F.3d 980 (9th Cir. 2005) (Sixth Amendment does not apply to revocation hearing on supervised release).

Defendant has cited no authority (post-Crawford or otherwise), and I have found none, for the proposition that the Sixth Amendment right to confront witnesses applies in a detention hearing. To the contrary two other judges of this court have ruled that Crawford did not alter the procedures for conducting detention hearings under the Bail Reform Act. See U.S. v. David Henderson, CR 05-672 MHP (EMC) (Order of Detention Pending Trial, Docket No. 11); U.S. v. Leonardo Henderson, CR 05-609 JSW (ECL) (Order of Detention Pending Trial, Docket No. 12).[2] I therefore reject defendant's Sixth Amendment argument.

I also reject defendant's argument that the due process clause requires me to allow defendant to cross-examine the Government's witnesses. Without explaining the source of the

---

[2] In U.S. v. Abuhamra, 289 F.3d 309 (2nd Cir. 2004), the court held that the District Court's reliance on information it received ex-parte and in camera information to deny bail violated defendant's due process rights and the public's Sixth Amendment right to a public hearing. The viability of Abuhamra in the Ninth Circuit is not clear. See U.S. v. Terrones, 712 F. Supp. 786 (S.D. Cal. 1989)(relying on information received in camera to detain defendant), conviction aff'd in U.S. v. Sanchez, 908 F.2d 1443 (9th Cir. 1990). In any event, the Second Circuit in Abuhamra did not reach the Sixth Amendment confrontation clause.

3

# TENTATIVE RULING

right, <u>Windsor</u> suggests that where material facts are in dispute a defendant may have a right to cross-examine adverse witnesses. <u>See</u> 785 F.2d at 756-57. Defendant has not invoked that right yet, since he has not challenged the factual accuracy of any material information that the government has proffered.

    For the foregoing reasons, defendant's objection to the Government's use of proffers is **OVERRULED**.

Dated: June 6, 2007

                                        Bernard Zimmerman
                            United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.07\BIBBS DETENTION HEARING ORDER.TENTATIVE RULING.wpd