UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>           Plaintiff,        )<br>                             )<br>     v.                      )<br>                             )<br> MAURICE BIBBS,              )<br>                             )<br>           Defendant.        )<br>_____) | No. CR 07-336 WHA (BZ)<br><br>**ORDER OVERRULING DEFENDANT BIBBS'S OBJECTION TO THE GOVERNMENT PROCEEDING AT THE DETENTION HEARING BY WAY OF PROFFER** |

At his initial appearance on May 31, 2007, the Government moved to detain Mr. Bibbs and a hearing was scheduled for June 7, 2007. Defendant objected to the Government proceeding by way of proffer at the detention hearing, and filed a memorandum supporting his objection. Defendant renewed his objection at the June 7 hearing, and requested that I issue subpoenas for the Government's witnesses. Essentially, defendant argues that under Crawford v. Washington, 541 U.S. 36 (2004), allowing the government to proceed by proffer violates his Sixth Amendment right of confrontation.

Prior to Crawford, the Ninth Circuit and every other circuit of which I am aware, had ruled that "the government may proceed in a detention hearing by proffer or hearsay."

1

1  U.S. v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986) (citations
2  omitted); see also U.S. v. Smith, 79 F.3d 1208, 1210 (D.C.
3  Cir. 1996) (collecting cases).  Crawford rejected the use of
4  hearsay testimony at **trial** as violating a defendant's Sixth
5  Amendment right to confront his accusers.  See 541 U.S. at 50-
6  51 ("[W]e once again reject the view that the Confrontation
7  Clause applies of its own force only to in-court testimony,
8  and that its application to out-of-court statements introduced
9  at *trial* depends upon 'the law of Evidence for the time
10 being.'") (emphasis added); id. at 53-54 ("[T]he Framers would
11 not have allowed admission of testimonial statements of a
12 witness who did not appear at *trial* unless he was unavailable
13 to testify, and the defendant had had a prior opportunity for
14 cross-examination.") (emphasis added); id. at 59.  The Ninth
15 Circuit recently described Crawford as "speaking to trial
16 testimony."  U.S. v. Littlesun, 444 F.3d 1196, 1199 (9th Cir.
17 2006).[1]

18      Nothing in Crawford requires or even suggests that it be
19 applied to a detention hearing under the Bail Reform Act,
20 which has never been considered to be part of the trial.
21 Shortly after the Bail Reform Act was passed, the Supreme
22 Court held that a detention hearing is not a "criminal
23 prosecution" to which the Sixth Amendment applies.  See U.S.
24 v. Salerno, 481 U.S. 739, 746-52 (1987) (emphasizing the
25 regulatory purpose of pre-trial detention); see also U.S. v.

---

[1]  While Littlesun dealt with sentencing hearings, not detention hearings, the court's description of the holding of Crawford applies with equal force.

2

1  Ebro, 948 F.2d 1118, 1121-22 (9th Cir. 1991) ("[T]he bail
2  statute neither requires nor permits a pretrial determination
3  of guilt."); Windsor, 785 F.2d at 756-57 (9th Cir. 1986)
4  (defendant has no right to cross-examine adverse witnesses not
5  called to testify in detention hearing); cf. U.S. v. Hall, 419
6  F.3d 980 (9th Cir. 2005) (Sixth Amendment does not apply to
7  revocation hearing on supervised release).
8       Defendant has cited no authority (post-Crawford or
9  otherwise), and I have found none, for the proposition that
10 the Sixth Amendment right to confront witnesses applies in a
11 detention hearing.  To the contrary two other judges of this
12 court have ruled that Crawford did not alter the procedures
13 for conducting detention hearings under the Bail Reform Act.
14 See U.S. v. David Henderson, CR 05-672 MHP (EMC) (Order of
15 Detention Pending Trial, Docket No. 11); U.S. v. Leonardo
16 Henderson, CR 05-609 JSW (ECL) (Order of Detention Pending
17 Trial, Docket No. 12).[2]  I therefore reject defendant's Sixth
18 Amendment argument.
19      I also reject defendant's argument that the due process
20 clause requires me to allow defendant to subpoena the
21 Government's witnesses for cross-examination.  Without
22 explaining the source of the right, Windsor suggests that

---

[2] In U.S. v. Abuhamra, 389 F.3d 309 (2nd Cir. 2004), the court held that the District Court's reliance on information it received ex-parte and in camera information to deny bail violated defendant's due process rights and the public's Sixth Amendment right to a public hearing.  The viability of Abuhamra in the Ninth Circuit is not clear.  See U.S. v. Terrones, 712 F. Supp. 786 (S.D. Cal. 1989)(relying on information received in camera to detain defendant), conviction aff'd in U.S. v. Sanchez, 908 F.2d 1443 (9th Cir. 1990).  In any event, the Second Circuit in Abuhamra did not reach the Sixth Amendment confrontation clause.

3

where facts material to the detention decision are in dispute, a defendant may have a right to cross-examine adverse witnesses. See 785 F.2d at 756-57. At the hearing, counsel generally denied defendant's guilt but proffered little in the way of specific, material factual disputes. Neither the Ninth Circuit nor Congress intends the detention hearing to serve as a mini-trial on the ultimate question of guilt. At any rate, as explained in my separate detention order, I relied almost exclusively on non-disputed facts to justify detention.

For the foregoing reasons, defendant's objection to the Government's use of proffers is **OVERRULED**.

Dated: June 8, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.07\BIBBS\BIBBS DETENTION HEARING ORDER.wpd

4