SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:  (415) 436-6959
    Facsimile:   (415) 436-6753
    E-mail: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00336 WHA (BZ) |
| Plaintiff, | ) | **[PROPOSED]** |
| | ) | **ORDER OF DETENTION** |
| v. | ) | **PENDING TRIAL** |
| | ) | |
| MAURICE BIBBS, and | ) | |
| DEANDRE WATSON, | ) | |
| Defendants. | ) | |

    This matter came before the Court on June 7, 2007, for a detention hearing. Defendant Bibbs was present and represented by Assistant Federal Public Defender Geoffrey Hansen. Defendant Watson was present and represented by Scott Sugarman of Sugarman & Cannon. Assistant United States Attorney William Frentzen appeared for the government.

    Pretrial Services submitted a report to the Court and the parties that recommended detention as to both defendants, and a representative of Pretrial Services was present at the hearing. The government moved for detention, and defendants opposed. Proffers and arguments

[PROPOSED] DETENTION ORDER
CR 07-00336 WHA (BZ)

regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the defendants as required.  The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community.  Accordingly, the Court concludes that defendants must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

With respect to all of the subsequent findings, this case involves a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e) because both defendants have been charged by Grand Jury indictment with violating 18 U.S.C. § 924(c)(1), using, carrying and possessing a firearm in connection with a crime of violence.  While the ultimate burden of persuasion rests upon the government, given the presumption, it is the finding of the Court that defendants did not make proffer of facts or information sufficient to rebut the presumption but rather proffered general denials as to the charged offenses.

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions of release will reasonably assure the appearance of defendant Bibbs. First, defendant is facing an extremely lengthy possible sentence which would include a mandatory minimum 7 years consecutive to any time for the carjacking offense.  Second, defendant Bibbs was on probation for a burglary conviction at the time that this offense allegedly occurred.  Third, defendant lacks a stable employment and/or educational history.  For these reasons, the Court deems defendant Bibbs to present a risk of flight that cannot be mitigated adequately by conditions of release.

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community

as to defendant Bibbs. First, while the Court considers the facts of the instant case to be the least important factor in its determination regarding detention, this case involves a crime of violence and a firearm as well as an allegation that defendant Bibbs attempted to use the handgun against a pregnant woman. Additionally, defendant Bibbs is charged with tampering with a witness in violation of 18 U.S.C. § 1512(b)(1), which demonstrates a danger to the community and to the witnesses in this case. Second, defendant's adult criminal record includes a recent conviction for burglary as well as a prior conviction for possession of a concealed weapon. Third, defendant's history includes numerous arrests as a juvenile offender for which the dispositions are unknown. The nature of the arrests, however, include escape, robbery, grand theft, and providing false identification to law enforcement. Fourth, the instant charges allege use of a firearm. For these reasons, the Court deems defendant Bibbs to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions of release will reasonably assure the appearance of defendant Watson. First, defendant is facing an extremely lengthy possible sentence which would include a mandatory minimum 7 years consecutive to any time for the carjacking offense. Second, defendant Watson was on pretrial release for a state charge of possession of a firearm at the time that this federal offense allegedly occurred and was on probation for a juvenile battery adjudication at the time of the instant offense. Third, defendant lacks a stable employment and/or educational history. For these reasons, the Court deems defendant Watson to present a risk of flight that cannot be mitigated adequately by conditions of release.

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant Watson. First, although defendant Watson is not alleged to have possessed the firearm, he can be deemed culpable for the actions of his co-defendant during a joint carjacking offense. Second, defendant's criminal history includes two recent run-ins with law enforcement

related to the possession of firearms.  The government proffered that in November of 2006, defendant's room at his mother's residence was searched by SFPD and a firearm was recovered. Shortly afterwards, on December 2, 2006, defendant Watson was arrested by SFPD for possessing a firearm in his waistband.  That charge was still pending at the time that defendant allegedly committed the instant offense.  Third, defendant's criminal history includes numerous arrests as a juvenile offender going all the way back to age 11, for which the dispositions are largely unknown.  The nature of the arrests, however, include robbery, multiple burglaries, grand theft, narcotics possession, and a battery adjudication.  Fourth, the instant charges allege use of a firearm.  For these reasons, the Court deems defendant Watson to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

    Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

    1.    Defendants be, and hereby are, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2.    Defendants be afforded reasonable opportunity for private consultation with their counsel; and

    3.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendants are confined shall deliver defendants to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

    SO ORDERED.

Dated: June _____, 2007

HONORABLE BERNARD ZIMMERMAN
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 07-00336 WHA (BZ)

4