UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | No. CR07-00336 WHA (BZ) |
| v. | ) | **DETENTION ORDER** |
| MAURICE BIBBS | ) | |
| Defendants. | ) | |

On June 7, 2007, I heard the government's motion to detain Maurice Bibbs. Defendant was present and represented by Geoffrey Hansen. Assistant United States Attorney William Frentzen appeared for the United States.

Pretrial Services submitted a report that recommended detention. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers and the Pretrial Services Report, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant poses a flight risk and by clear and convincing

1

evidence that the defendant is a danger to the community.  The government has likewise established that no conditions of release will reasonably assure his appearance or the safety of the community.

In so finding, I have considered the following factors:

1. Given the charge defendant faces, violation of 18 U.S.C. 924(c)(1), it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e) & (g)(1). Defendant has failed to dispel either presumption.

2. The defendant faces a substantial sentence if convicted.  One offense carries a mandatory 7 year minimum sentence to be served consecutive to any sentence for other offenses.  The substantial sentence for the instant charges gives defendant some incentive to flee.  Significantly, when defendant was convicted of burglary, he only served two days in jail.

3. Defendant's ties to the community are mixed. Although he has lived in the Bay Area for most of his life, his mother currently lives in Texas.  Additionally, he has no stable history of employment or education.  He also has no stable residence.

4. The defendant's criminal history includes numerous arrests as a juvenile offender for which the dispositions are unknown.  However, defendant appears to have been declared a ward of the court in 2005 and has lived in a variety of group homes and halfway houses.

2

1  5. Soon after becoming an adult, defendant was
2  convicted of burglary, suggesting that he is continuing down a
3  criminal path.
4  6. At the time of his arrest on the instant charges,
5  defendant was serving 3 years of state court probation.  This
6  suggests that he is not amenable to supervision.
7  7. Although the facts of this case are the least
8  important factor, the instant charges allege use of a firearm,
9  and the evidence that defendant committed some crime is
10 strong.
11 8.  Defendant did not proffer any conditions of
12 release, nor have any occurred to the court, that would
13 reasonably assure the defendant will not present a risk of
14 danger to other persons and the community or will appear
15 before this court.
16 Therefore, **IT IS HEREBY ORDERED** that:
17 1. The defendant be committed to the custody of the
18 Attorney General for confinement in a corrections facility
19 separate, to the extent practicable, from persons awaiting or
20 serving sentences or being held in custody pending appeal;
21 2. The defendant be afforded reasonable opportunity
22 for private consultation with counsel;
23 3.  On order of a court of the United States or on
24 request of an attorney for the Government, the person in
25 charge of the corrections facility in which defendant is
26 confined shall deliver defendants to a United States Marshal
27 ///
28 ///

1 | for the purpose of an appearance in connection with a court
2 | proceeding.
3 | Dated: June 12, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2007\BIBBS & WATSON\BIBBS.wpd

4