Judd C. Iversen State Bar No. 50808
Michael Clough State Bar No. 235410
LAW OFFICES OF IVERSEN AND CLOUGH
301 California Dr. Suite 108
Burlingame, CA  94010
Telephone: (650) 548-1952

Attorneys for Defendant Maurice Bibbs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>vs.<br><br>MAURICE BIBBS,<br>　　　　Defendant. | ) No. CRO7-00336 WHA<br>)<br>) **MOTION TO REVOKE**<br>) **MAGISTRATE'S DETENTION**<br>) **ORDER.**<br>)<br>)<br>)<br>)<br>) |

## I.

## INTRODUCTION

Defendant Maurice Bibbs, by and through his counsel of record, hereby files this motion to revoke Magistrate Judge Bernard Zimmerman's detention order and requests that this court hold a hearing and permit Defendant to present evidence and call witnesses to dispel and rebut the presumption, based on the allegation that he violated 18 U.S.C. 924(c)(1), that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community."

The issue in this case is clear: Defendant Bibbs would be entitled to pretrial release <u>but for</u> the presumption, based on the grand jury indictment, that probable cause exists that Defendant violated 18 U.S.C §924(c)(1)(A) during and in relation to carjacking, a crime of

violence; and, therefore, that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. §3142(e) Without that presumption, the following facts, which will be supported by proffer and testimony at the hearing on this matter, would weigh in favor of Defendant's pretrial release:

- Except for a brief period when he reluctantly moved to Texas to reside with his mother, Mr. Bibbs has always lived in the neighborhood where he currently resides;
- Mr. Bibbs has strong ties to the community as a result of his relations with his grandmother and father and the recent birth of his son;
- Mr.Bibbs' adult criminal record consists of a single misdemeanor burglary conviction;
- Mr. Bibbs has never failed to make a required court appearance;
- After Mr. Bibbs was inadvertently released from custody -- and despite knowing that he would be rearrested under federal charges --he returned to his known residence and made no attempt to flee prosecution;
- Mr. Bibbs is prepared to accept and abide by any reasonable and legally permissible conditions for release set by this court;
- The evidence that Mr. Bibbs violated the federal carjacking statute is weak.

Therefore, Defendant Bibbs, respectfully requests that this court conduct a de novo review of the magistrate's detention order and exercise its discretion to hear evidence and permit the defendant to call his own witnesses and cross-examine prosecution witnesses so that he may dispel and rebut the presumption against his release.

II.

FACTS AND PROCEDURAL HISTORY

According to police reports, shortly after midnight on March 16, 2007, Mr. Bibbs was pulled over by San Francisco police officers. He was driving the car. A gun was found under the passenger's seat. Three other persons were in the car.

Defendant was arrested for alleged felony violations of the California Penal Code. State charges against the defendant were subsequently dismissed. Despite a federal hold, he was inadvertently released from state custody. Several days later, he was rearrested on federal

carjacking charges.

In a three count indictment filed on May 7, 2007, the Grand Jury charged him with violations of 18 U.S.C. §2119 - carjacking;  18 U.S.C. §924(c)(1)(A) -- Using, Carrying and Possessing Firearm During and in Relation to a Crime of Violence; 18 U.S.C. §1512 - Tampering with a Witness; and 18 U.S.C. §2 - Aiding and Abetting.

The evidentiary basis for Count One -- carjacking -- and Count Two -- use, carrying and possession of a firearm -- is statements to police by the alleged victim.

On March 19, 2007, while in custody on state charges, Defendant Bibbs is alleged to have made a call to the witness in his case and told her that he needed her not to show up.  The recording of that conversation, which provides the evidentiary basis for Count Three --witness tampering -- was not made available to the defense until after Defendant's detention hearing.

On June 7, 2007, the magistrate heard the government's motion to detain Defendant. Based on a report by Pretrial Services and after hearing proffers and arguments regarding detention by the parties at the hearing, the magistrate found that the government has met its burden of showing by a preponderance of the evidence that the defendant poses a flight risk and by clear and convincing evidence that the defendant is a danger to the community; and that the government had likewise established that no conditions of release will reasonably assure his appearance or the safety of the community.  The magistrate based his finding on the following:

1. Given the charge defendant faces, violation of 18 U.S.C. 924(c)(1), it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e) & (g)(1). Defendant has failed to dispel either presumption.

2. The defendant faces a substantial sentence if convicted. One offense carries a mandatory 7 year minimum sentence to be served consecutive to any sentence for other offenses. The substantial sentence for the instant charges gives defendant some incentive to flee. Significantly, when defendant was convicted of burglary, he only served two days in jail.

3. Defendant's ties to the community are mixed.  Although he has lived in the Bay Area for most of his life, his mother currently lives in Texas. Additionally, he has no stable history of employment or education. He also has no stable residence.

4. The defendant's criminal history includes numerous arrests as a juvenile offender for which the dispositions are unknown. However, defendant appears to have been declared a

3

ward of the court in 2005 and has lived in a variety of group homes and halfway houses.

5. Soon after becoming an adult, defendant was convicted of burglary, suggesting that he is continuing down a criminal path.

6. At the time of his arrest on the instant charges, defendant was serving 3 years of state court probation. This suggests that he is not amenable to supervision.

7. Although the facts of this case are the least important factor, the instant charges allege use of a firearm, and the evidence that defendant committed some crime is strong.

8. Defendant did not proffer any conditions of release, nor have any occurred to the court, that would reasonably assure the defendant will not present a risk of danger to other persons and the community or will appear before this court.

III

DEFENDANT IS ENTITLED TO A HEARING BEFORE THIS COURT AT WHICH HE MAY CALL WITNESSES AND CONFRONT THE PROSECUTION'S WITNESSES REGARDING WHETHER PROBABLE CAUSE EXISTS THAT HE HAS COMMITTED A FEDERAL OFFENSE THAT CREATES A PRESUMPTION AGAINST RELEASE AND WHETHER THE EVIDENCE AGAINST HIM IS SUFFICIENTLY STRONG FOR THIS COURT TO FIND THAT HE IS A FLIGHT RISK OR THREAT TO THE COMMUNITY.

A. Standard of Review is De Novo

"[A] district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). The district court is free to use in its analysis evidence, proffers or rationale relied on by the magistrate judge, but may hear additional evidence or proffers and employ its own analysis. *U.S. v. Anderson*, 384 F.Supp.2d 32, 33 (D.D.C. 2005). "To engage in meaningful de novo review, the district court must have available the options open to the magistrate." *U.S. v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985).

B. Bail Reform Act

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); id. § 3142(b), (c). A judicial officer may make such a finding only after holding a hearing according to the procedures specified in § 3142(f), and the government bears the burden of proof at that hearing. The government must prove risk of flight by a preponderance

of the evidence, see, e.g., *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (per curiam); *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990), and it must prove dangerousness to any other person or to the community by clear and convincing evidence, 18 U.S.C. § 3142(f).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Act established a rebuttable presumption that a defendant is both a flight risk and a danger to the community if there is probable cause to believe that the person committed an offense under 18 U.S.C. §924(c). 18 U.S.C. § 3142(e). Once the presumption is triggered, the defendant has the burden of producing or proffering evidence to rebut the presumption. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. King*, 849 F.2d 485,

488 (11th Cir. 1988). The view that the presumption is a non-bursting, rebuttal presumption that only shifts the burden of production onto a defendant, not the burden of persuasion, has been adopted by various circuits and district courts, including district courts within the Ninth Circuit. *U.S. v. Ward*, 63 F.Supp.2d 1203 (C.D. Cal 1999).

<u>C.    Defendant is entitled to call witnesses and cross-examine prosecution witnesses at his detention hearing.</u>

In his pretrial memorandum, Defendant argued that following the Supreme Court's watershed decision in *Crawford v. Washington*, 124 S. Ct. 1354 (2004), he has a constitutional right to confront adverse witnesses at a bail hearing. Based on *Crawford*, Defendant hereby reasserts his objection to the prosecution's presentation of hearsay testimony at a detention hearing. However, this court does not have to decide this issue in order to exercise its discretion to permit defendant to call favorable witnesses and confront prosecution witnesses at the hearing on this motion.

In order to detain a defendant before trial, a court "shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §3142(f). The detention hearing procedure places the burden of proof on the prosecution and affords the defendant certain basic rights, but it does not provide the entire array of procedural safeguards available at trial:

> At the hearing, such person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.

Id.

Consistent with these provisions, federal courts have held that a judicial officer is vested with the discretion to allow defense counsel to call an adverse witness. See *U.S. v. Gaviria*, 828

F.2d 667, (11th Cir. 1987)(judicial officer has discretion to permit defense to call an adverse witness with or without an initial proffer of the expected benefit of the witness' testimony); *U.S. v. Acevedo-Ramos*, 755 F.2d 203, 207-208 (1st Cir. 1985)( judicial officer possesses power to selectively insist upon production of the underlying evidence or evidentiary sources where their accuracy is in question); *U.S. v. Lewis,* 769 F.Supp 1189, 1193 (D. Kan. 1991)(if court is dissatisfied with the nature of the prosecution's proffer, it can always, within its discretion, insist on direct testimony); *U.S. v. Sanchez*, 457 F.Supp.2d 90, 93 (D. Mass 2006)(noting judicial officer should exercise discretion to require testimony based on whether the witness' testimony would be helpful to the defense).  Under §3142(f), a defendant is also expressly entitled to call favorable witnesses.  18 U.S.C. §3142(f).

      Thus, the issue that this court should consider in deciding with whether to exercise its discretion to permit Defendant Bibbs to call witnesses at the hearing on this motion is whether the testimony of the prospective witness would be helpful in dispelling or rebutting the statutory presumption against his release.

### 1. The testimony of the alleged victim of the carjacking is necessary and helpful to dispel the presumption against Defendant Bibbs' release.

      A presumption against release exists in this case because Defendant Bibbs is charged with carjacking, a crime of violence.  If there was not probable cause to believe that he was guilty of this offense, then probable cause to believe that he was guilty of violating 18 U.S.C. §924(c)(1)(A) -- Using, Carrying and Possessing Firearm During and in Relation to a Crime of Violence; and, therefore, the statutory presumption created by 18 U.S.C. §3142(e) would not apply.

      18 U.S.C. §2119 - carjacking provides that,

> "Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so  shall—
>
>     (1) be fined under this title or imprisoned not more than 15 years, or both,
>
>     (2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial

7

>jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
>
>(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

In *Holloway v. United States*, 526 U.S. 1 (1999), the Supreme Court addressed the mens rea element of 18 U.S.C. § 2119 and stated that in a "carjacking case in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily harm, Congress' inclusion of the intent element requires the Government to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car." Id. at 11-12.  Furthermore, the intent requirement "directs the fact finder's attention to the defendant's state of mind <u>at the precise moment he demanded or took control over the car</u>." Id. at 8. (emphasis added).

In this case, the police reports and the jailhouse tape of defendant's conversation with the alleged victim establish that the co-defendants never "demanded" the car and they also strongly suggest that when the co-defendants took control of the car, it was empty.  Even if the facts as presented by the police reports are true, the prosecution does not appear to have provided <u>any</u> evidence to support an allegation that "at the precise moment" the defendants took control of the car, Defendant Bibbs had the necessary intent "to cause death or serious bodily harm."  At most, the police reports suggest that someone in the car may have pointed a gun at the victim <u>after</u> they were in control of the car.

For these reasons, although an indictment is normally conclusive proof of probable cause, there are grounds in this case that Defendant Bibbs should be allowed to call the alleged victim as a witness in order to question her about facts directly and substantially material to whether or not probable cause exists to believe that he committed an offense establishing a statutory presumption against his release.

<u>2. The testimony of the alleged victim of the carjacking is necessary and helpful to assess the weight of the evidence against Defendant Bibbs.</u>

Of the factors specified in section 3142(g) that must be considered in determining

whether there are conditions of release that will reasonably assure the appearance of the defendant at trial and the safety of the community, the weight of the evidence is the least important. *U.S. v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). However, at least one district court has recently held that "this is only true if the weight of the evidence is used to buttress a decision to detain the defendant." *U.S. v. Calabrese*, 436 F.Supp.2d 925, 927 (N.D. Ill. 2006)(If the evidence is weak, that becomes an important factor favoring release). In this case, evidence that Defendant Bibbs did not have the necessary intent to commit federal carjacking would clearly be an important factor favoring release since it would substantially lessen the risk that he would be facing a lengthy sentence

For these reasons, Defendant Bibbs should be allowed to call the alleged victim as a witness in order to question her about facts directly and substantially material to whether or not the evidence that he is guilty of federal carjacking is so weak as to lessen the risk that, if released, he would flee or be a threat to the community.

## CONCLUSION

For these reasons, the Defendant Bibbs respectfully requests that this Court revoke Magistrate Judge Bernard Zimmerman's detention order and requests that this court hold a hearing and permit Defendant to present evidence and call witnesses to dispel and rebut the presumption, based on the allegation that he violated 18 U.S.C. 924(c)(1), that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community."

Dated: July 5, 2007

                                                  Respectfully submitted,

                                                  JUDD C. IVERSEN

                                                    /S/
                                               MICHAEL CLOUGH
                                               LAW OFFICES OF IVERSEN AND CLOUGH
                                               Attorneys for Defendant Maurice Bibbs