Judd C. Iversen State Bar No. 50808
Michael Clough State Bar No. 235410
LAW OFFICES OF IVERSEN AND CLOUGH
301 California Dr. Suite 108
Burlingame, CA  94010
Telephone: (650) 548-1952

Attorneys for Defendant Maurice Bibbs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>vs.<br><br><br>MAURICE BIBBS,<br>          Defendant. | )  No. CR07-00336 WHA<br>)<br>)  **REPLY TO UNITED STATES'**<br>)  **OPPOSITION TO MOTION TO**<br>)  **REVOKE MAGISTRATE'S**<br>)  **DETENTION ORDER.**<br>)<br>)<br>)<br>) |

I.

OVERVIEW

Based on the authority cited below and in his Motion to Revoke, Defendant Bibbs reaffirms his position that he has a right at the hearing on this motion (and any later detention hearing) to call witnesses on his own behalf and confront the prosecution's witnesses.  However, given the government's failure to produce <u>any</u> evidence to support a probable cause finding with regard to the intent element of 18 U.S.C. §2119, he does <u>not</u> intend to exercise his right to call witnesses at the pending hearing in this matter.  Instead, he respectfully requests that this court find, based on the record already before it, that the government has failed to satisfy its burden to provide at least some evidence to support a finding that probable cause exists to believe that he has committed a violation of an offense under 18 U.S.C. §924(c); and, on that basis, also find

that the government is not entitled to the benefit of a presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." He further requests, based on the record below and such proffers as he is prepared to present at the hearing on this motion, that this court revoke the Magistrate's detention order and order him released on such conditions as this court finds sufficient to assure his appearance and the safety of the community.

II.

THIS COURT HAS THE DISCRETION TO REQUIRE THE GOVERNMENT TO PRODUCE ITS WITNESSES AND PERMIT THE DEFENDANT TO CALL WITNESSES AT A DETENTION HEARING.

In its opposition, the government does not actually dispute that this court has the discretion to require the prosecution to produce adverse witnesses or permit the defendant to call witnesses at a hearing on a motion to revoke a magistrate's detention order. Instead, it provides authority only for the more limited argument that a "district court is not *required* to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Opposition at 3 (citing *United States v. Koenig*, 912 F.2d 1190, 1192-1193 (9th Cir. 1990) (emphasis added).

As Defendant Bibbs argued in his motion, federal courts have consistently held that a district court reviewing a magistrate's detention order has the discretion to require and permit the testimony of witnesses. See *U.S. v. Gaviria*, 828 F.2d 667, (11th Cir. 1987)(judicial officer has discretion to permit defense to call an adverse witness with or without an initial proffer of the expected benefit of the witness' testimony); *U.S. v. Acevedo-Ramos*, 755 F.2d 203, 207-208 (1st Cir. 1985)( judicial officer possesses power to selectively insist upon production of the underlying evidence or evidentiary sources where their accuracy is in question); *U.S. v. Lewis,* 769 F.Supp 1189, 1193 (D. Kan. 1991)(if court is dissatisfied with the nature of the prosecution's proffer, it can always, within its discretion, insist on direct testimony); *U.S. v. Sanchez*, 457 F.Supp.2d 90, 93 (D. Mass 2006)(noting judicial officer should exercise discretion to require testimony based on whether the witness' testimony would be helpful to the defense). Under §3142(f), a defendant is also expressly entitled to call favorable witnesses. 18 U.S.C.

§3142(f). Moreover, contrary to the impression created by the government's selective highlighting, *Koenig* is in accord with this position. 912 F.2d 1190 at 1192-1193 ("If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate.") In his motion, Defendant Bibbs also reasserted his objection, based on *Crawford v. Washington*, 124 S. Ct. 1354 (2004), to the prosecution's presentation of hearsay testimony at a detention hearing.

However, because Defendant Bibbs does not intend to call any witnesses at the pending hearing on this matter, this court does not have to decide these issues at this time.

### III.

### THE GOVERNMENT HAS FAILED TO PROVIDE EVIDENCE SUFFICIENT TO SUPPORT A FINDING THAT PROBABLE CAUSE EXISTS TO CHARGE DEFENDANT BIBBS WITH CARJACKING UNDER FEDERAL LAW.

In its opposition, the government asserts that no disputed issues of material fact exist to justify a decision by this court to require or permit witnesses to be called in this matter to challenge the government's claim that probable cause exists to believe that Defendant Bibbs has violated 18 U.S.C. §2119. But the government's opposition ignores Defendant Bibbs' argument that, under federal law, the government must establish that the defendant had the intent to seriously harm or kill the driver "at the precise moment he demanded or took control over the car." See *Holloway v. United States*, 526 U.S. 1 at 8 (1999). Instead, the government seems to believe that its only burden is to proffer evidence that might support a carjacking charge under California state law. For example, at one point in its highly selective proffer as to the contents of a taped jailhouse telephone conversation, the government claims that "Bibbs admitted that he had committed the carjacking." In fact, the tape does not contain such a statement. Instead, at most, statements on the tape suggest that Defendant Bibbs, who was in state custody at the time, may have merely acknowledged that, because he had been arrested while driving a stolen car, the state had an obviously strong basis to charge him with theft of a vehicle under California law.

The government's primary argument for denying Defendant Bibbs' request to have this court require or permit testimony concerning disputed issues of material fact is that two U.S.

3

Magistrates and a Grand Jury have found that probable cause exists to hold the Defendants to answer on the federal carjacking charge. See Opposition at 4-5. But the government does not cite any authority for the claim implicit in that position that this court is bound by those determinations. If that were the law, then Defendant Bibbs would be effectively denied the right to challenge the primary basis for his detention in this case: the presumption against release created by a finding that there is probable cause to believe that he has committed a violation of an offense under 18 U.S.C. §924(c). 18 U.S.C. § 3142(e). In this and many other cases, adopting such a rule would have the effect of stripping this court of its authority and responsibility to conduct a *de novo* review of detention orders issued by U.S. Magistrates.

      In this case, the government's allegation that Defendant Bibbs pointed a gun at the victim as she was attempting to regain control of her car rests on the slenderest of threads of evidence: a hearsay statement by a police officer claiming that a witness identified Defendant Bibbs, based on a momentary glint of gold teeth, as the person sitting in the passenger's seat of the stolen car. In its purported summary of the "simple" facts of this case the government fails to provide any evidence to support the intent element of 18 U.S.C. §2119. It also ignores two crucial pieces of evidence. First, it fails to mention the fact that when the car was stopped by police, Defendant Bibbs was driving. In addition, in quoting the tape of Defendant Bibbs' jailhouse conversation, the government ignores his statements to a friend that he was driving the car at the time the gun was allegedly drawn. It is also important to note that the government has failed to proffer any evidence other than the eyewitness' purported statement that links Defendant Bibbs to the gun found under the passenger's seat of the car he was driving. Moreover, even if there was support for the government's claim that Defendant Bibbs was sitting in the passenger's seat after he and Watson had taken control of the car, that does not provide a sufficient basis for a court to infer that "at the precise moment" the co-defendants took control over the empty car they had the intent to inflict serious harm or death on anyone. And without such an inference, the government has no basis to allege that it has provided some support for all essential elements of the federal carjacking charge against Defendant Bibbs.

      Thus, based on the record already before this court, there is a basis for it to find that the

government has failed to carry its burden to establish that there is probable cause to believe that Defendant Bibbs had the mens rea necessary to be held on a <u>federal</u> carjacking charge.

## CONCLUSION

For all of the reasons stated above, Defendant Bibbs respectfully requests that this court revoke the Magistrate's detention order and, instead, order him released on such conditions as this court finds sufficient to assure his appearance and the safety of the community.

Dated: July 18, 2007

Respectfully submitted,

JUDD C. IVERSEN

   /S/
MICHAEL CLOUGH
LAW OFFICES OF IVERSEN AND CLOUGH
Attorneys for Defendant Maurice Bibbs