Judd C. Iversen State Bar No. 50808
Michael Clough State Bar No. 235410
LAW OFFICES OF IVERSEN AND CLOUGH
301 California Dr. Suite 108
Burlingame, CA  94010
Telephone: (650) 548-1952

Attorneys for Defendant Maurice Bibbs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br><br>vs.<br><br>MAURICE BIBBS,<br>                Defendant. | No. CRO7-00336 WHA<br><br>**SUPPLEMENTAL BRIEFING RE MOTION TO REVOKE DETENTION ORDER** |

The sections of 18 U.S.C,, § 2119 relevant to the court's request for supplemental briefing are as follows: "Whoever, with the intent to cause death or serious bodily harm . . . takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempts to do so . . ."  In *Holloway v. United States*, 526 U.S. 1 (1999), the Supreme Court explained

> The carjacking statute essentially is aimed at providing a federal penalty for a particular type of robbery. The statute's mens rea component thus modifies the act of "tak[ing]" the motor vehicle. It directs the factfinder's attention to the defendant's state of mind at the precise moment he demanded or took control over the car "by force and violence or by intimidation." If the defendant has the proscribed state of mind at that moment, the statute's scienter element is satisfied.

The alleged facts of this case as presented in the police reports are 1) two men got into an empty car, 2) after they got into the car the woman who had rented the car may have walked toward the car, 3) the person in the passenger's seat pulled a gun out of his sweatshirt pocket, 4) the victim then turned and ran, and 5) as she ran, she thought she heard a "click, click," which she believed may have been the gun trigger being pulled.

There is no dispute that if the gun had been pointed at the woman a) while she was in the car or b) while she was out of the car but before the men took control of the car, then the government's proffer would be sufficient to establish probable cause that a violation of § 2119 had been committed. But the government has not provided any basis to believe that "at the precise moment [they] took control over the car" the defendants 1) used force, violence or intimidation or 2) they had the intent to inflict death or serious bodily harm.

Defendant Bibbs' position is that, if a gun was drawn, it was drawn after the point at which the car was in the control of the two men. The government's argument requires the court a) to find that the car was not already in the control of the two men and b) to infer from the alleged fact that a gun may have been pulled out of a sweatshirt pocket by one of the men after they had gained control of the car the legal fact that <u>both</u> men had the intent to inflict death or great bodily harm when they got into the car.

In response to the court's inquiry, the defendant has been unable to find any 9th Circuit authority applying or interpreting the language in *Holloway* referring to the "precise moment he demanded or took control of the car" or the taking by force, violence or intimidation element of § 2119. In *U.S. v. DeLaCorte*, 113 F.3d 154 (9th Cir. 1997), the 9th Circuit held that a taking did not require that the victim relinquish the car. In this case, however, the car was not in the victim's actual control at the time it was taken. Most circuits appear to follow the rule that a taking "from the presence of another" requires that "the property taken is so within the victim's reach, inspection, observation, or control that the victim could, if not overcome by violence or prevented by fear, retain his possession." See e.g. *U.S. v. Kelley*, 412 F. 3d. 1240 (11th Cir. 2005). In this case, after the two men were seated in the car and beginning to drive off, the victim was obviously not in a position to retain possession of the car -- and the government has

2

proffered no facts to suggest that she was in such a position. For this reason, Defendant Bibbs argues that the government's proffer fails to provide a basis for a finding that probable cause exists to believe that he is guilty of a federal carjacking.

Dated: July 19, 2007

                                        Respectfully submitted,

                                        JUDD C. IVERSEN

                                            /S/
                                        MICHAEL CLOUGH
LAW OFFICES OF IVERSEN AND CLOUGH
Attorneys for Defendant Maurice Bibbs