SCOTT N. SCHOOLS (SC 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CSBN 202121)
Acting Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6959
FAX: (415) 436-6753
Email: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MAURICE BIBBS, and <br> DEANDRE WATSON, <br><br> Defendants. | No. CR 07-0336 WHA <br><br> **UNITED STATES' SUPPLEMENTAL MEMORANDUM REGARDING CARJACKING STATUTE** |

**INTRODUCTION**

The Court has inquired about what constitutes "force and violence or intimidation" for the purpose of the federal Carjacking statute, 18 U.S.C. § 2119. Further, the Court has inquired about whether the defendants commit carjacking if they enter the vehicle and then employ "force, violence or intimidation" in the further course of taking the vehicle.

**ARGUMENT**

The elements of a Carjacking violation are as follows:

**One**: Defendants took a car or other motor vehicle, a [describe the car . . . ] from

AW or the presence of AW;

**Two**: While taking the car or other motor vehicle, Defendants intended to cause the death or serious bodily harm to AW;

**Three**: The car or motor vehicle had previously crossed state lines; and

**Four**: Defendants took the car or motor vehicle by the use of force and violence or intimidation.

*Fed. Jury Prac. and Instr.*, §58.03, O'Malley, Grenig and Lee (5th ed. 2007).

The action of "taking" must be accompanied by the fourth element of employing "force and violence or intimidation," an element the language of which mirrors 18 U.S.C. § 2113 – the bank robbery statute. The defendants clearly employed force and violence during the taking of the vehicle when they pointed a gun at the pregnant victim and attempted to shoot her. Prior to that act, however, the very act of entering and the vehicle in the presence of the victim constitutes "intimidation," as that phrase is defined under Ninth Circuit case law. In *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983), the Ninth Circuit stated that "express threats of bodily harm, threatening body motions, or the physical possibility of concealed weapons are not required for a conviction of bank robbery by intimidation." (Internal quotations omitted; quoting *United States v. Bingham*, 628 F.2d 548, 549 (9th Cir. 1980)). The Ninth Circuit went on to approve the following instruction: "To take, or attempt to take, by intimidation means willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *Id.* (quoting *United States v. Alsop*, 479 F.2d 65, 67 n.4 (9th Cir. 1973)). The action of these two defendants in walking up to the victim's vehicle at after 11:00 p.m. at night, with hands in their pockets, and simultaneously attempting to enter the victim's vehicle while she was still in the immediate area would undoubtedly put an ordinary, reasonable person in fear of bodily harm from trying to regain control of their vehicle[1]. Defendants conduct here satisfies the definition of intimidation, even prior to the use of the firearm.

---

[1] The government wonders if Mr. Sugarman or Mr. Clough can stand before the Court and state that they would not be in fear of bodily harm from regaining possession of their own cars should the defendants have approached and entered one of their cars under these precise circumstances.

UNITED STATES' SUPP. MEM. RE: CARJACKING STATUTE    2
No. CR 07-00336 WHA

Furthermore, defendants' contention that the government must prove their intent at the moment that defendant Watson got behind the wheel misstates the law regarding what constitutes a "taking." As the Ninth Circuit has held, a "taking" for the purpose of § 2119 continues beyond the initial contact by the defendant with the vehicle and continues until the vehicle is firmly removed – or fully asported under the common law phrasing – from the person or presence of the victim. In *United States v. Hicks*, 103 F.3d 837, 843-44 (9th Cir. 1996), the court held that carjacking was "a continuous transaction that is not complete until the victims have been separated from their vehicle (i.e. 'takes . . . **from** the person or presence of another . . . .')." (Emphasis in original). *See also, United States v. DeLaCorte*, 113 F.3d 154, 156 (9th Cir. 1997) ("'taking' for purposes of the carjacking statute, as with other federal robbery offenses, required 'simply the acquisition by the robber of possession, dominion or control of the property for some period of time'"). As the government pointed out in its Opposition to the Defendants' Mots. To Revoke Detention Orders, the taking from the presence of a person includes where the victim is outside of the car. *United States v. Burns*, 701 F.2d 840 (9th Cir. 1983). The continued significance of *Burns* as applied to the carjacking context was recently upheld when the Sixth Circuit analyzed each of the other federal circuits to consider whether a carjacking occurred where the victim was outside of her car – the First, Third, Fifth, Ninth, Tenth, Eleventh – and found "[a]s the review of caselaw reveals, the trend among the circuits is to adopt the early reasoning of the Ninth Circuit in *Burns* and its progeny by holding that property is in the presence of a person if it is so within his reach, inspection, observation or control, that he could if not overcome by violence or prevented by fear, retain possession of it." *Id.* at 774. Here, the action of "taking" is not completed, at the earliest, until the defendants had pushed back the victim's efforts to regain her vehicle to remove it from her presence and had actually transported the vehicle away from the presence of the victim. The continued taking, therefore, includes not only their initial acts of intimidation, but also their actions of pointing a gun at her and attempting to shoot her – clearly employing force and violence and intimidation in the course of the taking of the vehicle.

The obvious flaw in defendants' ridiculous argument that their conduct does not

1  comprise a carjacking is made even more clear by a case directly on point, *United States v.*
2  *Wright*, 246 F.2d 1123 (8th Cir. 2001). In *Wright*, a valet temporarily parked another person's
3  vehicle and then got out of the car to attend to other business. The valet left the keys in the car
4  and the engine running. While the valet was tending to other things, the defendant got into the
5  vehicle and started to drive it away. The valet saw the defendant in the car from a distance of
6  about 25 feet and tried to stop the defendant by blocking the exit from the parking lot with his
7  body. The defendant approached to within 10 feet of the valet, stopped briefly, and then drove
8  the vehicle at the valet, trying to hit the valet. The defendant argued – precisely as these
9  defendants have argued – that he did not use force and violence or intimidation to take the car,
10 but only used it after taking the vehicle and, furthermore, that the government did not prove that
11 the defendant had the intent to kill or cause serious bodily harm at the time of the taking under
12 *Holloway v. United States*, 526 U.S. 1 (1999). The Eighth Circuit rejected defendant's
13 arguments, stating that when the valet was attempting to stop the vehicle, despite that defendant
14 was already driving the car and clearly had possession of the car, "the jury certainly could have
15 found that a taking had not yet occurred." *Id.* at 1126-27. If there were any doubt left about
16 defendants' nonsensical claims, *Wright* extinguishes them entirely.

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks the Court to find probable cause to believe that defendants committed a carjacking and deny their motions to amend or revoke the detention orders. The government further seeks for the Court to utilize this memorandum for the purpose of determining the proper jury instructions in this case.

DATED: July 24, 2007                              Respectfully submitted,

                                                  SCOTT N. SCHOOLS
                                                  United States Attorney


                                                  _____/s/_____
                                                  William Frentzen
                                                  Assistant United States Attorney