SCOTT A. SUGARMAN (No. 68277)
SUGARMAN & CANNON
44 Montgomery St., Suite 2080
San Francisco, CA. 94104
Telephone: (415) 362-6252
Facsimile: (415) 677-9445

Attorneys for Defendant
    DEANDRE WATSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MAURICE BIBBS and DEANDRE WATSON,<br><br>    Defendants. | No. CR 07-0336 WHA<br><br>**JOINT REQUEST TO VACATE BRIEFING SCHEDULE AND [proposed] ORDER** |

In this action, both defendants are charged with one count of carjacking (18 U.S.C. § 2119) with the use of a firearm (18 U.S.C. § 924(c).) Mr. Bibbs alone was charged with one count of attempting to intimidate a witness (18 U.S.C. § 1512). On the same day that both defendants made their first appearance in this Court, the government provided some discovery to defense counsel, including approximately 44 taped telephone calls allegedly made by Mr. Bibbs from custody after he was arrested in this matter.

    Thereafter, based on that discovery, this Court and counsel set a briefing schedule for pretrial motions, with defendants' motion due on September 11, 2007.

    Approximately a week ago, the government provided both counsel with an additional 34 calls allegedly made by Mr. Bibbs from custody. However, the government has just advised defense counsel that it has obtained from San Francisco jail officials several hundred additional

Stipulation to Vacate Briefing Schedule

taped telephone calls made from custody both by Mr. Bibbs and Mr. Watson. Based on an initial review of some of those taped calls, the government has advised defense counsel that it believes it will seek a Superseding Indictment which to add additional charges against the defendants separately and/or jointly, including additional charges of attempting to intimidate a witness.

The government is in the process of copying those taped calls for defense counsel. The government has represented that those calls fill 12 CDs.

In addition, the government advised defense counsel on August 17, 2007 that San Francisco jail officials are in the process of obtaining and copying for the government additional taped calls, but that computer problems have delayed that process. The government has not been able to determine how many additional taped calls have yet to provided by San Francisco jail officials, but believes that at least one additional CD full of calls by either Mr. Bibbs or Mr. Watson while each was in custody is likely.

Defendants, separately and jointly, intended to file motions based on the charges in the Indictment and the discovery provided to date. Among the motions defendants anticipated filing are motions for severance and discovery. The motion for severance would be based in part on the disparity of charges in the Indictment and on the government's intent to admit at a joint trial statements by Mr. Bibbs. The admission of post-arrest statements by one defendant may raise serious constitutional issues. However, if this new material – which the defense has not received and thus not reviewed – will result in the government seeking 1) additional charges against one or both defendants, and 2) to offer at trial additional statements by one or both defendants, the nature and scope of defendants' motions may change dramatically.

The government has also recently advised defense counsel that the results of DNA tests previously ordered by this Court will likely not be available until the end of September 2007.

It appears to all counsel that it would be more efficient and more appropriate to delay the preparation and hearing of pretrial motions to permit the government to complete its acquisition and review of the numerous taped telephone calls, and to decide whether new charges will be

1  brought, and to allow defense counsel to review and analyze such material.  Based on that review,
2  defense counsel can more intelligently decide if the same or different motions should be prepared
3  and filed, and this Court can rule on those motions with a fuller appreciation of the evidence which
4  affects the a determination of those motions.
5       The government estimates that it will provide copies of the additional discovery (taped
6  telephone calls) by the end of the first week of September 2007.  The government further estimates
7  that and will have a decision about whether new charges will be brought by mid-October 2007.
8  The delay is needed to review the many taped calls which have been or which will be provided to
9  the government.  Further, government counsel expects to be in two back-to-back trials
10 commencing the last week of September 2007.
11      For these reasons, the parties jointly request and STIPULATE that the existing briefing
12 schedule and hearing date be vacated.  If a Superseding Indictment is obtained, all parties will
13 appear before this Court shortly thereafter, and a new briefing schedule can be set.  If the
14 government determines not to seek additional charges, or the grand jury refuses to issue a
15 Superseding Indictment, the government will promptly advise defense counsel and this matter will
16 be set before this Court promptly to establish a new briefing and hearing schedule.
17      So Stipulated.

DATED: August 24, 2007         _____/s/_____
                               Scott A. Sugarman
                               Attorney for Deandre Watson


DATED: August 24, 2007         _____/s/_____
                               Judd Iverson
                               Attorney for Maurice Bibbs


DATED: August 24, 2007         _____/s/_____
                               William Frentzen
                               Assistant United States Attorney

Stipulation to Vacate Briefing Schedule

3

1  So Ordered.

2  DATE: _____
   WILLIAM H. ALSUP
3  UNITED STATES DISTRICT COURT

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation to Vacate Briefing Schedule

4